Filed 7/18/24  P. v. Zygadlo CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br>v.<br>JOSEPH MATTHEW ZYGADLO,<br>Defendant and Appellant. | A169373<br><br>(Contra Costa County<br>Super. Ct. No. 022301259) |

Defendant Joseph Matthew Zygadlo appeals from orders finding him not competent to stand trial, committing him to the Department of State Hospitals, and authorizing the involuntary administration of antipsychotic medication.  His appointed appellate counsel filed a brief setting forth the applicable facts and law pursuant to *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*) and *People v. Blanchard* (2019) 43 Cal.App.5th 1020 (*Blanchard*).  Appointed counsel informed defendant that he could file a supplemental brief, but he has not done so.  Our discretionary review of the record discloses no arguable issues, and we therefore affirm.

### BACKGROUND

On August 17, 2023, the Contra Costa County District Attorney filed a felony complaint against defendant charging him with throwing an object (a wrench) at a vehicle or an occupant of the vehicle with intent to do great

bodily harm (Veh. Code, § 23110, subd. (b)); eight counts of disobeying a court order (Pen. Code, § 166, subd. (a)(4))[1] based on incidents that allegedly occurred between February 27 and August 16, 2023; and three counts of criminal threats (§ 422, subd. (a)) based on incidents that allegedly occurred between April 17 and August 16, 2023.

On September 5, the day scheduled for the preliminary hearing, defense counsel expressed a doubt about defendant's competence to stand trial. The trial court (Hon. Charles B. Burch) also expressed a doubt regarding defendant's competence and suspended the criminal proceedings pursuant to section 1368 et seq.

At a hearing on September 12, defense counsel reported that defendant "objects to competency proceedings." The trial court (Hon. Julia Campins) appointed psychologist Stephanie Williams, Ph.D., and psychiatrist Patrick Wiita, M.D., to evaluate defendant. Both evaluators determined that defendant was mentally incompetent to stand trial, that it was medically appropriate to treat defendant with antipsychotic medication, and that defendant did not have the capacity to make decisions about such medication.

At a hearing on October 31, defendant moved for the appointment of new counsel under *People v. Marsden* (1970) 2 Cal.3d 118, which motion the trial court denied.

Also on October 31, defense counsel and the People submitted on the evaluators' reports. Based on the reports, the trial court found defendant was not presently able to understand the nature and purpose of the proceedings against him and not able to assist and cooperate with counsel in presenting a defense. The court referred defendant to the Contra Costa Conditional

---

[1] Undesignated statutory references are to the Penal Code.

Release Program (CONREP) for a placement recommendation. (§ 1370, subd. (a)(2)(B).)

At a hearing on November 28, the trial court informed the parties that CONREP's placement evaluation for defendant recommended commitment to the Department of State Hospitals. Defense counsel told the court defendant objected to the competency assessment, the evaluators' determination he lacked capacity to make decisions regarding antipsychotic medication, and the CONREP recommendation.

Consistent with the CONREP recommendation, the trial court committed defendant to the Department of State Hospitals for a maximum of two years. (§ 1370, subd. (c)(1).) Based on the reports of Dr. Williams and Dr. Wiita, the court also determined: "defendant lacks capacity to make decisions regarding antipsychotic medication, [his] mental disorder requires medical treatment with antipsychotic medication, and, if [his] mental disorder is not treated with antipsychotic medication, it is probable that serious harm to [his] physical or mental health . . . will result. The court also finds the defendant is a danger to others." (§ 1370, subd. (a)(2)(B)(i)(I)–(II).) Accordingly, the court authorized the hospital to administer antipsychotic medication to defendant involuntarily if necessary. (§ 1370, subd. (a)(2)(B)(ii)(I)–(II).)

On December 4, defendant filed a timely notice of appeal.

## DISCUSSION

In *Ben C.*, our Supreme Court held that "[i]f appointed counsel in a conservatorship appeal finds no arguable issues, counsel . . . should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law." (*Ben C.*, *supra*, 40 Cal.4th at p. 544.) In addition, "[t]he conservatee is to be provided a copy

of the brief and informed of the right to file a supplemental brief." (*Id.* at p. 544, fn. 6.) The reviewing court may then dismiss the appeal if there are no arguable issues. (*Id.* at p. 544.) The *Ben C.* procedure applies to appeals of competency proceedings. (*Blanchard*, *supra*, 43 Cal.App.5th at pp. 1025–1026.)

Here, defendant's appointed appellate counsel followed *Ben C.* and *Blanchard*. Counsel reviewed the record, found no arguable issues and so informed defendant; filed his brief in this court and served defendant with a copy; and informed defendant that he could file a supplemental brief. Although counsel recognizes that, under *Ben. C.* and *Blanchard*, we are not required to independently review the record, he asks us to exercise our discretion to conduct an independent review. (*Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 7 [appellate court may choose to retain an appeal rather than dismiss it]; accord, *Blanchard*, *supra*, 43 Cal.App.5th at p. 1026.)

We have reviewed the record. The finding that defendant was incompetent to stand trial was supported by substantial evidence set forth by the experts' evaluations. Those evaluations also supply substantial evidence to support the order authorizing the involuntary administration of antipsychotic medication. Further, the commitment ordered by the court is authorized by law and supported by CONREP's recommendation. Accordingly, there are no arguable issues on appeal. Defendant was represented by able counsel.

## DISPOSITION

The orders finding defendant incompetent to stand trial, committing him to the Department of State Hospitals, and authorizing the involuntary administration of antipsychotic medication are affirmed.

4

_____

Richman, Acting P. J.


We concur:


_____

Miller, J.


_____

Desautels, J.


*People v. Zygadlo* (A169373)